UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO VICENTI,

      Plaintiff,

v.                                  Case No. 8:13-cv-2399-T-33EAJ

BAKERS SPECIALTIES, LLC and
STEVEN E. BAKER,

      Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. On September 17, 2013, Mario Vicenti filed an action against Bakers Specialties, LLC and Steven E. Baker alleging violations of the Fair Labor Standards Act. (Doc. # 1). Among other allegations, Vicenti contends that he was "was employed by Defendants from approximately February of 2013 through April 2013. Plaintiff was not paid any wages for the entire period of his employment by the Defendants." (Id. at ¶ 13).

On October 9, 2013, Defendant Steven E. Baker filed his Answer to the Complaint. (Doc. # 6). From this Court's reading of the Answer, it appears that Mr. Baker is attempting to file an Answer on behalf of both himself and his corporation, Defendant Bakers Specialties, LLC.[1]

At this juncture, the Court warns Bakers Specialties, LLC

---

[1] As an individual, Mr. Baker is free to litigate this suit without counsel.

that it is not permitted to appear pro se in this court.  Local Rule 2.03(e), M.D. Fla., explains: "A corporation may appear and be heard only through counsel admitted to practice in the Court." See also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010)("a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008)("Pro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form.  He must take the burdens with the benefits.")(internal citations omitted).

   Because Vicenti has not filed return of service documents for either Defendant, the Court is not certain as to whether Bakers Specialties, LLC has been served with the summons and the Complaint.  However, by this Order, the Court places Bakers Specialties, LLC on notice that the Court will not accept any filings on its behalf unless they are signed by an attorney admitted to practice in this Court.

2

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court warns Bakers Specialties, LLC that it is not permitted to appear in this action pro se and that all submissions filed on behalf of Bakers Specialties, LLC must be signed by counsel admitted to practice in this Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

3