```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARIO VICENTI,

        Plaintiff,
v.                              Case No. 8:13-cv-2399-T-33EAJ

BAKERS SPECIALTIES, LLC, and
STEVEN E. BAKER,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Mario Vicenti's Motion for Default Judgment (Doc. # 15) and accompanying Motion for Attorney's fees (Doc. # 16), both filed on November 25, 2013. For the reasons that follow, the Court enters a non-final Default Judgment against Bakers Specialties, LLC and grants the Motion for Attorney's Fees in part.

**I.  Background**

On September 17, 2013, Vicenti filed a one count Complaint against Bakers Specialties, LLC and Steven E. Baker alleging violation of the minimum wage provision of the Fair Labor Standards Act. (Doc. # 1). Among other allegations, Vicenti contends that he "was employed by Defendants from approximately February of 2013 through April 2013 [and] Plaintiff was not paid any wages for the entire period of his

employment by the Defendants." (Id. at ¶ 13).

Steven Baker filed a pro se Answer to the Complaint. (Doc. # 6). On October 16, 2013, the Court entered an Order warning Bakers Specialties, LLC that it is not permitted to appear in this action pro se and that all submissions filed on behalf of Bakers Specialties, LLC must be signed by counsel admitted to practice in this Court. (Doc. # 7). The record reflects that Vicenti effected service of process on Bakers Specialties, LLC on September 25, 2013, and that Bakers Specialties, LLC did not file a response to the Complaint. (Doc. # 9).

On October 30, 2013, Vicenti filed a Motion for entry of Clerk's default against Bakers Specialties, LLC. (Doc. # 12). The Clerk entered a default against Bakers Specialties, LLC pursuant to Rule 55(a), Fed. R. Civ. P., on October 31, 2013. (Doc. # 13). At this juncture, Vicenti requests a Default Judgment and an award of attorney's fees as against Bakers Specialties, LLC, only.

## II. Default

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

2

>     and that failure is shown by affidavit or
>     otherwise, the clerk must enter the party's
>     default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

Furthermore, pursuant to Federal Rule of Civil Procedure 54(b), "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Otherwise, an adjudication of fewer than all the

claims or the rights and liabilities of all the parties is not an appealable final decision." ABS-SOS Plus Partners Ltd. v. Vein Assoc. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *3 (M.D. Fla. Dec. 10, 2008) (citing In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995)). As is the case here, where liability remains to be determined against a co-defendant, a non-final judgment of default is appropriate.

### III. Analysis

Based upon the Clerk's Entry of Default, the well-pleaded factual allegations contained in the Complaint, and the Motions, the Court determines that a non-final Default Judgment is warranted as to Vicenti's FLSA minimum wage claim and that Vicenti is entitled to reasonable attorney's fees. The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

#### A. FLSA Unpaid Minimum Wages

Vicenti explains that he worked for 89 hours from February 2013, through April 2013, and was never compensated for his time. Vicenti seeks to recover the FLSA minimum wage, liquidated damages, and contractual wages of $12.00 per hour. In his affidavit, Vicenti explains:

- Plaintiff's FLSA minimum wage damages are as follows: $7.67/hr. X 89 hr = $682.63.
- Plaintiff is entitled to liquidated damages due to Defendant's violation of the minimum wage provisions of the FLSA in the amount of $682.63.
- The claim of the Plaintiff for contractual wages ($12.00/hr) which were not paid by the Defendant are computed as follows: 89 hr X $4.33/hr ($12.00/hr - $7.67/hr)= $385.37.
- Plaintiff is entitled to a total judgment of **$1,750.63** as follows: (a) Contract Wage damages of $385.37; (b) Minimum Wage damages of $682.63; and (c) liquidated damages of $682.63.

(Doc. # 15-1).

The Court grants Vicenti's request for the payment of minimum wages, but notes that the applicable minimum wage is $7.79 per hour, instead of the requested rate of $7.67. Crediting Vicenti's assertion that he worked for 89 hours for which he was not compensated, the Court grants Vicenti wages in the amount of $693.31 and liquidated damages in the amount of $693.31, for a total of $1,386.62. However, the Complaint is silent regarding the existence of an employment contract between Vicenti and Bakers Specialties, LLC, upon which Vicenti now claims entitlement to wages at the hourly rate of $12.00. Further, Vicenti has not provided the Court with an employment contract supporting his affidavit statement that

5

such a contract exists.[1] Thus, the Court declines to award any additional contractual wages based upon the existence of the alleged employment contract.

### B. Attorney's Fees and Costs

Vicenti's counsel seeks an award of $2,480.00 in attorney's fees and costs and has supported the Motion with his affidavit. He explains that he expended 9.7 hours at the hourly rate of $200.00 per hour and that he incurred $500.00 in recoverable costs. Based on the Court's review of the record, the fees requested are excessive. As directed by the Eleventh Circuit in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009), this Court is duty-bound to scrutinize the attorney's fees requested in FLSA cases. In Silva, the Eleventh Circuit opined:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for

---

[1] The Court also notes that Vicenti's affidavit contains a demand for $7,577.60, which is completely unsupported and in conflict with other statements in the affidavit. The Court disregards Vicenti's errant request for $7,577.60.

6

compensating the wronged employee. Id. at 352.

Here, the Court finds it appropriate to approve the costs sought of $500, but to reduce the attorney's fees requested by 30%. This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

This action was resolved as against Bakers Specialties,

7

LLC on the basis of a default. Vicenti's attorney was not required to participate in any hearings, draft any contested dispositive motions, or participate in any discovery.

In determining that an across-the-board fee reduction of 30% is warranted, the Court has given consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount involved and the results obtained.[2]

This case has not involved complex issues or required labor-intensive inquires. It is a rare FLSA case that presents novel or difficult questions for the Court or counsel.

Concerning the issue of preclusion of other employment, the Court notes that this case was pending for less than three months before resolution as against Bakers Specialties, LLC, and consumed only less than ten hours of attorney time. It can hardly be said that acceptance of the present case precluded Vicenti's counsel from accepting other cases. Finally, the amount obtained for Vicenti was not substantial.

---

[2] The Court recognizes that the present Order does not address each and every one of the factors set forth in <u>Johnson v. Ga. Highway Exp. Inc.</u>, 488 F.2d 714, 719 (5th Cir. 1974) and <u>Norman</u> in detail. Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce Vicenti's counsel's fees.

Upon due consideration, and for the reasons specified above, the Court applies an across-the-board reduction of 30% to the requested fee of $1,980.00, for an adjusted award of $1,386.00.[3]  Plaintiff's attorney is entitled to $500 in costs.

## IV. Conclusion

After considering the Motions and the exhibits attached thereto, the Court finds that Vicenti is entitled to a non-final Default Judgment against Bakers Specialties, LLC in the amount of **$3,272.62** (comprised of wages in the amount of $1,386.62, fees in the amount of $1,386.00, and costs in the amount of $500.00).  Accordingly, the Court directs the Clerk to enter a non-final Default Judgment in favor of Vicenti and against Bakers Specialties, LLC in the amount of **$3,272.62.** This action shall remain pending as between Vicenti and Steven Baker, individually.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Default Judgment (Doc. # 15) is **GRANTED** as specified herein.

---

[3] See St. Fleur v. City of Ft. Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005)(per curiam)(approving a 30% across-the-board reduction of requested attorney's fees).

9

(2) Plaintiff's Motion for Attorney's fees (Doc. # 16) is **GRANTED** as specified herein.

(3) The Clerk is directed to enter a non-final Default Judgment in favor of Mario Vicenti and against Bakers Specialties, LLC in the amount of **$3,272.62**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of December, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record

10